O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-5707 PSG (PJWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | AT & T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     **(In Chambers) Order DENYING Defendants' Ex Parte Application To Shorten Time for Hearing on Motion To Vacate or Modify Preliminary Injunction**

       Before this Court is Defendant Bobby Kalili's and Defendant Yellowpages.Travel, LLC's ex parte application to shorten time for hearing on motion to vacate or modify preliminary injunction. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES the application.

I.     <u>Background</u>

       On September 21, 2009, the Court issued an order enjoining all named defendants in this action from engaging in certain conduct that allegedly violates the plaintiffs' trademark rights (the "Preliminary Injunction"). *See* Dkt. # 57. On November 30, 2009, Defendants Bobby Kalili and Yellowpages.Travel, LLC ("Defendants") filed a motion to vacate or modify the preliminary injunction ("Motion"). *See* Dkt. # 103. Defendants noticed the Motion for hearing on December 21, 2009.[1] *See id.*

       On November 30, 2009, Defendants also filed this ex parte application seeking to shorten the time for hearing their Motion ("Application"). *See* Dkt. # 102. Defendants request that the

---

[1] The Court notes that, in response to Defendants' Motion, the Clerk has filed a Notice to Filer of Deficiencies on the grounds that the hearing was noticed for a date that was closed on the Court's calendar. *See* Dkt. # 107.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5707 PSG (PJWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | AT & T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

Motion be heard on December 14, 2009. *See Application* 2:23-28.

II.     Legal Standard

        As the Court's standing order indicates, ex parte requests will only be entertained by the Court for extraordinary situations and should be used with discretion. *Standing Order* ¶ 10. In particular, to justify ex parte relief, the applicant must show 1) that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and 2) that she is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

        Defendants claim they have "substantial defenses" to the underlying claims in this case and that "the balance of equities" do not favor enforcing the Preliminary Injunction. *See Application* 3:20-26. For this reason, they seek to vacate or modify the preliminary injunction "to prevent the irreparable harm to the good will in [Defendants'] start-up internet business that would result if Plaintiff's preliminary injunction were permitted to remain in force." *See id.* at 3:9-18.

        Defendants, however, wholly fail to demonstrate–indeed, they do not even attempt to demonstrate–that they would be irreparably prejudiced by pursuing the requested relief through a regularly noticed motion. *See Mission Power,* 883 F. Supp. at 492. Moreover, to the extent the Court can discern any degree of "crisis" with respect to hearing Defendants' Motion, that "crisis" is of Defendants' own making, since Defendants were served with notice of the Preliminary Injunction on September 24, 2009–over two months before the date of this Application. *See Lantz Decl.* (Dkt. # 97-1) ¶ 5. Because Defendants have failed to establish that they "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," *see Mission Power,* 883 F. Supp. at 492, the Court denies Defendants' Application.

IV.     Conclusion

        For the foregoing reasons, the Court DENIES Defendant Bobby Kalili's and Defendant Yellowpages.Travel, LLC's ex parte application to shorten time for hearing their motion to vacate or modify the preliminary injunction.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-5707 PSG (PJWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | AT & T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

    Furthermore, Defendants are directed to take note of the following language from this Court's Standing Order:

    Ex parte applications are solely for extraordinary relief and should be used with discretion.  Sanctions may be imposed for misuse of ex parte applications.

*Standing Order* 8:22-9:1.  Defendants should consider this a warning against further misuse of ex parte procedure.

    **IT IS SO ORDERED.**