O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#238

CIVIL MINUTES - GENERAL

| Case No. | CV 09-5707 PSG (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | AT&T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Plaintiffs' Motion for Entry of Default

Pending before the Court is Plaintiffs' motion for entry of default against Defendants Yellow Pages Corporation ("YPC") and Michael Thompson.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving papers, the Court GRANTS Plaintiffs' motion.

I.   Background

On August 4, 2009, AT&T Intellectual Property II, L.P., YellowPages.com, LLC, and YellowPages.com, Inc. (collectively, "Plaintiffs") filed suit against Toll Free Yellow Pages Corp., YellowPages.travel, LLC, Internet Labz, Inc., Yellow Pages Corporation, Bobby Kalili, and Michael Thompson (collectively, "Defendants").  Plaintiffs' complaint asserts claims for trademark infringement, false designation of origin, false advertising, dilution, cyber-piracy, unfair competition, common law misappropriation, interference with prospective business relations, and violation of California's anti-phishing and trade name statutes.

To date, the Clerk of the Court has rejected Plaintiffs' request to have default entered against Defendants YPC and Michael Thompson five times.  *See* Dkt. #45, # 55, # 73, # 75, #176-77.  Most recently, on March 12, 2010, the Clerk noted that she could not enter default against Defendant YPC because the proof of service on a corporation could not be "made on a Does, but only an authorized agent or executive of that corporation."  *See* Dkt. #176 (March 12, 2010).  Additionally, the Clerk declined to enter default against Defendant Michael Thompson

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#238**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5707 PSG (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | AT&T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

because the supporting declaration indicated that "service was on a private mailbox facility" and because the proofs of service did not name an agent authorized to accept service of process on behalf of the defendants. *See* Dkt. #177 (March 12, 2010).

On August 6, 2010, Plaintiffs filed a motion requesting that the Court enter default against Defendants YPC and Thompson.

II.   Legal Standard

Prior to obtaining a default judgment under Federal Rule of Civil Procedure Rule 55(b), there must be an entry of default as provided by Rule 55(a). *See* Fed. R. Civ. P. 55. A default may be entered by the clerk only with regard to a "claim for affirmative relief against a party who has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). These elements must be shown by means of an affidavit or by other competent proof. Id.

However, the clerk cannot enter default against whom a judgment is sought unless the court has jurisdiction over the party. This means that the party must have been effectively served with process in the manner prescribed by the applicable statute or rules of procedure. The Federal Rules of Civil Procedure permit service in compliance with state law in certain contexts. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service in compliance with the law of the forum state). Therefore, when appropriate, a party seeking entry of default from this Court may utilize California law in making service on both individuals and corporations. *See generally* Cal. Civ. Proc. Code §§ 415.10 - 415.95.

III.   Discussion

Plaintiffs contend that the prior notices of deficiency filed by the Clerk were incorrect, and that proofs of service of the complaint on Defendants YPC and Thompson are sufficient to support entry of default. The Court agrees.

   A.   Service of Process on Defendant Thompson

As numerous filings assert, Defendant Thompson is an individual who is employed by Defendant YellowPages.Travel, LLC. *See* Dkt. #34 (Declaration of Nico Vilgiate in support of Plaintiffs' Motion for Preliminary Injunction ("Vilgiate Decl.")). In the instant motion, Plaintiffs state that despite "reasonably diligent efforts," they have been unable to physically locate Mr. Thompson or to ascertain his home address. *Mot.* 5:1-6. Thus, pursuant to Cal. Code. Civ. Proc.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#238**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5707 PSG (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | AT&T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

§ 415.20(b), Plaintiffs effected substitute service on Defendant Thompson at his usual mailing address at YellowPages.travel, LLC on August 7, 2009. As stated in the March 11, 2010, Declaration of Inchan A. Kwon:

> [Kwon] caused process servers to serve by substitute service the summons and complaint and other documents on Mr. Thompson at his usual mailing address at 9903 Santa Monica Blvd., #961, Beverly Hills, California 90212 by leaving a copy of the summons and complaint and other documents with the person apparently in charge of the private mailbox facility located at that address, informing her of the contents of these documents, instructing her to deliver the documents to Defendant Michael Thompson, and thereafter mailing a copy of the summons and complaint and other documents by first-class mail, postage pre-paid, to Michael Thompson at the 9903 Santa Monica Blvd., #961, Beverly Hills, California 90212 address that same day, as evidenced by the proofs of service on file in this action.

*See* Dkt. #173-1.

Cal. Civ. Proc. Code § 415.20(b) "authorizes substituted service, in lieu of delivery of process to a defendant personally, to be made on a defendant by delivering a copy of the summons and of the complaint to a person closely connected with him, usually at the defendant's place of business, dwelling house, or usual place of abode." *See Comment,* Cal. Civ. Proc. Code. § 415.20. To the best of Plaintiffs' knowledge, Defendant Thompson's usual place of business is located at 9903 Santa Monica Blvd., #961, Beverly Hills, California 90212. Therefore, using this address was a proper means of effectuating substitute service.

The March 12, 2010 Notice of Deficiency found service insufficient because the supporting Declaration indicated "service on a private post box facility." *See* Dkt. #177 (March 12, 2010). This is not a proper reason for refusing to enter default, however, given that the plain language of § 415.20(b) allows service at a private/commercial post office box. *See* Cal. Code Civ. Proc. § 415.20(b); *see also Ellard v. Conway*, 94 Cal.App.4th 540, 114 Cal.Rptr.2d 399 (Cal. Ct. App. 2001) (plaintiff's substitute service on defendants was proper under Section 415.20(b) where the process server attempts to serve defendants at their last known address and then at a forwarding address at a private/commercial post office box facility).

Accordingly, because Plaintiffs' moving papers and prior declarations indicate that Defendant Thompson was effectively served under the applicable federal and California law, and because Defendant Thompson has since failed to "plead or otherwise defend," entry of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#238

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5707 PSG (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | AT&T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

default against Defendant Thompson is appropriate.

      B.      Service of Process on Defendant YPC

      Defendant Yellow Pages Corporation ("YPC") is "a business organization of unknown form." *See Kwon Decl.* ¶ 2 (Dkt. #172 (March 11, 2010)). According to the Kwon Declaration, on August 7, 2009, Kwon:

> caused process servers to serve Defendant Yellow Pages Corporation by leaving a copy of the summons and complaint and other documents during usual office hours with the person who was apparently in charge of the office of Yellow Pages Corporation's mailing address at 9903 Santa Monica Blvd., #961, Beverly Hills, California 90212, and by thereafter mailing a copy of the summons and complaint and other documents by first-class mail, postage pre-paid, to Yellow Pages Corporation [at the same address].

*Id.* Further, on October 14, 2009, Kwon claims to have called 1-866-YELLOW-1, the telephone number listed on YellowPages.travel, LLC's website to notify Defendant Yellow Pages Corporation of Plaintiffs' intention to request entry of default. *Id.* at 6. Kwon also states that an email attaching a courtesy copy of a previous Request to Enter Default was sent to yellowpagesinc@aol.com, and to info@yellowpages.travel on both October 14, 2009 and March 11, 2010. *Id.* at 7-8.

      Service of a summons on a business organization of unknown form is governed by Cal. Code. Civ. Proc. § 415.95, which provides in relevant part:

> A summons may be served on a business organization, form unknown, by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code. Civ. Proc. § 415.95(a).

      The March 12, 2010 Notice of Deficiency denied the requested entry of default on grounds that "service on a corporation cannot be made on a Doe, but only an authorized agent or executive of that corporation." *See* Dkt. #176 (March 12, 2010). However, the terms

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#238**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-5707 PSG (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | AT&T Intellectual Property II, L.P. *et al.* v. Toll Free Yellow Pages Corp. *et al.* | | |

"authorized agent" and "executive" do not appear in the text of Section 415.95; rather, the statute permits leaving the summons and complaint with "a person in charge of that business office." Cal. Code. Civ. Proc. § 415.95(a). According to the moving papers, Plaintiffs have satisfied the standard set forth in Section 415.95. Therefore, as service was properly effectuated on Defendant YPC, and the time to file an answer or responsive pleading has since elapsed, entry of default is also proper against Defendant YPC.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Entry of Default Against Defendants Yellow Pages Corporation and Michael Thompson.

**IT IS SO ORDERED.**